**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
– – – – – – – – – – – – – – – – – – – – – – – – – – x

ERMENEGILDO ZEGNA CORPORATION,                   :

                        Plaintiff,          :    No: 1:08-cv-02043-NRB

         - against -                                :

MAURIZIO FASHIONS, INC., ELLESSE                  :    **AMENDED COMPLAINT**
CORPORATION, ROCCO LAUNI, TERESA
LAUNI, and SALVATORE DENUCCIO,                    :    Jury Trial Demanded

                   Defendants.        :
– – – – – – – – – – – – – – – – – – – – – – – – – – x

       Plaintiff ERMENEGILDO ZEGNA CORPORATION ("EZCo" or "Plaintiff"),
by and through its undersigned counsel, as and for its complaint against defendants Maurizio
Fashions, Inc. ("Maurizio"), Rocco Launi ("Mr. Launi"), Teresa Launi ("Ms. Launi")
(collectively the "Maurizio Defendants"), the Ellesse Corporation ("Ellesse") and Salvatore
DeNuccio ("DeNuccio") (collectively "Defendants") alleges as follows:

<u>NATURE OF ACTION</u>

       1.      This is an action for counterfeiting, trademark infringement, dilution, and
unfair competition in violation of the Lanham Act, as amended, 15 U.S.C. § 1051 et seq., and
for dilution, false advertising and unfair competition in violation of New York State law.

       2.      This action stems from sales of counterfeit goods that infringe Plaintiff's
registered trademarks ERMENEGILDO ZEGNA® (U.S. Reg. Nos. 1077923, 1232830 and
0612666, inter alia); ZEGNA® (U.S. Reg. No. 1258643, inter alia) and many others
(collectively, the "Zegna Marks").

       3.      Plaintiff seeks injunctions; accountings; Court orders requiring
Defendants to destroy, or produce for destruction, all goods in their possession bearing any

purported Zegna Mark, and to identify the source or sources of those goods; treble damages in an amount to be determined at trial and, in the alternative, statutory damages pursuant to 15 U.S.C. §1117.

## PRELIMINARY STATEMENT

4.      The Ermenegildo Zegna Group, which includes EZCo and more than a dozen other affiliated Ermenegildo Zegna entities, has been in the business of manufacturing and designing fine apparel and goods for nearly a century.  The Zegna Marks are recognized as signifiers of top-of-the-line clothing, fabric and accessories originating with EZCo and its affiliates.  Goods bearing Zegna Marks are locally and globally recognized for their stylish design and high quality.   Throughout EZCo's long life, its trademarks have built up considerable good will, in part because genuine Zegna Mark goods are reliably superior goods.

5.      In an effort to trade on the goodwill Plaintiff has developed in the Zegna Marks, Maurizio and its agents and affiliates have traded in counterfeit suits that do not originate with Plaintiff or any of its affiliates.  Although the suits sold by Maurizio and its agents and affiliates carry labels indicating that they are made with Zegna cloth, neither their design nor their fabric is genuine and the labels themselves are counterfeit.

## THE PARTIES

6.      Plaintiff EZCo is a corporation incorporated under the laws of the State of New York, and having its principal place of business at 100 West Forest Avenue, Unit A, Englewood, New Jersey  07631-4033.

7.      Upon information and belief, Defendant Maurizio is a corporation incorporated under the laws of the State of New York with its principal place of business at 287 Bleecker Street, New York, New York  10014.

2

8.      Upon information and belief, Maurizio also does business under the name of J Bella.

9.      Upon information and belief, Defendant Mr. Launi is an individual and an agent of Maurizio who works at Maurizio, 287 Bleecker Street, New York, New York 10014. Upon information and belief, Mr. Launi is Maurizio's owner or manager.

10.     Upon information and belief, Defendant Ms. Launi is an individual and an agent of Maurizio who works at Maurizio, 287 Bleecker Street, New York, New York 10014. Upon information and belief, Ms. Launi is a Maurizio sales representative.

11.     Upon information and belief, Defendant Ellesse is a corporation with its principal place of business at 554 Broome Street, Apartment 4R, New York, New York 10013.

12.     Upon information and belief, Defendant DeNuccio is an officer of Ellesse and an individual who resides at 554 Broome Street, Apartment 4R, New York, New York 10013. Upon information and belief, DeNuccio is Ellesse's owner or manager.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action under 15 U.S.C. §§ 1121(a), and 28 U.S.C. §§ 1331 and 1338(a) because this action involves Lanham Act claims.

14.     This Court has jurisdiction over Plaintiff's state law trademark dilution and unfair competition claims under 28 U.S.C. § 1338 (b) in that said claims are joined with a substantial and related claim under the Lanham Act. This court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because jurisdiction in this action is not based solely on diversity and, according to the information on file with the New York Department of State, and upon information and belief,

3

this is the district in which Defendants reside.  Moreover, upon information and belief, a substantial number of the events giving rise to the claims occurred in this judicial district, in that Defendants operate their businesses and sell and distribute infringing goods and services here.

## FACTS

### The Zegna Marks

16.    The Ermenegildo Zegna Group is comprised of EZCo and its many affiliates.  It is a leader in high-end, high quality goods, especially suits, knitwear, fabrics, accessories, sportswear, perfume and eyewear.  It produces more than 2.3 million meters of fabric, 600,000 sleeve units, almost 1.6 million sportswear items, and 1.75 million accessories annually.  The Ermenegildo Zegna Group has more than 6,000 employees worldwide.  It has achieved a turnover of € 779.4 million in 2006 (with net profits € 63.3 million), 90% percent from clothing and accessories and 10% percent from textiles.  The USA is the Group's main market, up 13% in 2006, followed by Italy up 4%, Japan up 13% and China, the Group's fourth largest market, up 36%.

*History*

17.    The young entrepreneur Ermenegildo Zegna founded his company in 1910 in Trivero, Italy, a small town in the Biella Alps.  From the beginning, Mr. Zegna's aim was creating superb fabrics for use in clothing.  He made his mark by carefully selecting outstanding raw materials from their markets of origin, creating innovative fabrics and designs, and closely monitoring the production process and the brand's promotion.

18.    The business passed from Ermenegildo Zegna to his sons.  It remains a family business, presently managed by the fourth generation.

4

19.     Within the United States, EZCo and its predecessors have used and promoted the Zegna Marks for more than sixty years, continuing without interruption to the present time.   The Zegna Marks have been used and promoted in the United States in connection with clothing, clothing accessories, jewelry, sunglasses, eau de toilette and retail stores.

20.     The new Ermenegildo Zegna US Flagship store contains 9,200 square feet of selling space and 1,000 square feet of offices at 663 Fifth Avenue, between 52nd and 53rd Streets.   It was recently relaunched after it was redesigned by architect Peter Marino, whose design was inspired in part by Zegna's beginnings as an Alpine textile mill.

21.     There are over 180 Zegna boutiques worldwide, including throughout Europe and in Russia, Japan, China, South America and the Middle East.

22.     Goods sold under the Zegna Marks include a sporty diffusion line as well as marks for highly refined designs and made-to-measure clothing.   In general, they are renowned for their quality and attract discriminating customers.   Most Zegna suits for men are priced in the $2,000 to $3,000 range.

23.     Publicity of the Zegna Marks has included broadcasting to approximately 90 million 2006 Superbowl viewers the onscreen credit "ABC Sports Announcers Wardrobe Provided by Ermenegildo Zegna."   During the game's broadcast, the two announcers John Madden and Al Michaels wore Zegna suits, as they had throughout the season of Monday Night Football.   Tom Brady, the defending Superbowl winner who introduced the 2006 game with its coin toss, also wore Zegna apparel throughout the game.

24.     Advertising of the Zegna Marks has included a magazine campaign featuring the Oscar-winning actor Adrien Brody.   Mr. Brody — among other celebrities — has

5

repeatedly made public appearances in Zegna attire, including at the Golden Globes, the Council of Fashion Designers of America Awards, and the Emmy Awards.

25.    Due in part to such publicity, advertising and celebrity appearances, the Zegna Marks have received extensive unsolicited media coverage.

26.    Due in part to such publicity, advertising and celebrity backing, the Zegna Marks have received extensive unsolicited media coverage.

27.    In December 2000, the Ermenegildo Zegna Foundation was established. Its mission is to promote environmental, cultural, social and scientific initiatives in conjunction with not-for-profit organizations.  The Foundation's efforts range from Muscular Dystrophy Research to teaching weaving to Hindi women who reside in remote areas of India.

*Trademarks*

28.    On August 20, 1974, ERMENEGILDO ZEGNA® was registered on the Principal Register in the United States Patent and Trademark Office ("PTO") as U.S. Trademark Registration No. 1077923 in connection with suits, coats, neckties and scarves. The registration is incontestable under 15 U.S.C. § 1065.  A copy of the U.S. Patent and Trademark Office's Trademark Electronic Search System (TESS) record for that trademark is annexed hereto as Exhibit A. By its predecessors, Plaintiff began using that Zegna Mark in commerce in 1937.  Since then, it has extensively and continuously been used in connection with suits, coats, neckties and scarves.

29.    On March 29, 1983, ERMENEGILDO ZEGNA® was registered on the Principal Register in the PTO as U.S. Trademark Registration No. 1232830 in connection with a wide range of apparel, from shoes and suits to belts, formal shirts and bathing suits.  The registration is incontestable under 15 U.S.C. § 1065.  A copy of the TESS record for that Zegna

6

Mark is annexed hereto as Exhibit B. By its predecessors, Plaintiff began using it in commerce in 1937. Since then, EZCo has extensively and continuously used it in connection with apparel and accessories.

30.    On September 20, 1955, ERMENEGILDO ZEGNA® was registered on the Principal Register in the PTO as U.S. Trademark Registration No. 0612666 in connection with fabrics of wool, hair, vegetable hair, silk, rayon, jute, hemp, flax and cotton. The registration is incontestable under 15 U.S.C. § 1065. A copy of the TESS record for that Zegna Mark is annexed hereto as Exhibit C. By its predecessors, Plaintiff began using it in commerce at last as early as 1953. Since then, EZCo has extensively and continuously used it in connection with fabrics.

31.    On August 30, 1983, ZEGNA® was registered on the Principal Register in the United States PTO as U.S. Trademark Registration No. 1258643 in connection with a wide range of apparel, from shoes, suits and belts to formal shirts and bathing suits. The registration is incontestable under 15 U.S.C. § 1065. A copy of the U.S. Patent and Trademark Office's TESS record for that Zegna Mark is annexed hereto as Exhibit D. Plaintiff began using it in commerce at least as early as 1982. Since then, EZCo has extensively and continuously used it in connection with apparel and accessories.

32.    In order to protect the Zegna Marks and their goodwill, EZCo consistently polices and protects those trademarks, including by regularly sending cease and desist letters upon becoming aware of the misuse of any Zegna Mark. It has filed its registrations with the U.S. Customs Service. It has successfully challenged many unauthorized uses, convincing the party responsible for the misuse to cease use.

7

33.    In sum, EZCo strives to guarantee that any use of the Zegna Marks is in connection with genuine goods as those alone reflect the high quality and style standards that have built the brand and its goodwill, earning the public's trust and the brand's good name.

34.    Plaintiff has used the Zegna Marks to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the trademarks on genuine EZCo goods and the tags, labels and the containers associated with them.    Also, Plaintiff has prominently displayed the trademarks on its storefronts, at its website, at events it sponsors, in print advertising and in its letterheads, bills and direct mail advertising.    Through EZCo's extensive promotional efforts, the Zegna Marks have become famous and widely known as exclusively associated with EZCo and its products.

INFRINGING USE OF THE ZEGNA MARKS BY THE MAURIZIO DEFENDANTS

35.    Maurizio operates a cut-rate garment store at 287 Bleecker Street, New York, New York 10014.

36.    In or about November 1, 2007, EZCo became aware that suits offered for sale at Maurizio's store are erroneously identified as originating with Zegna.    Such erroneous identification takes several forms.

37.    First, suits on sale at Maurizio's store bear sewn-in labeling on the inside lapel indicating that the suits are made with "Ermenegildo Zegna Cloth."    Those labels bear the design and word trademark of a ribbon and seal inscribed with the words "Ermenegildo Zegna" (see, e.g. Exhibit C).    Despite the label, the cloth used in the suits does not originate with EZCo or any of its affiliates.

38.    Second, the sewn-in labels are, themselves, counterfeit.

8

729052_2

39.     Third, cardboard signage marked "Zegna Suits," or with words to that effect, identifies the suits on sale at Maurizio's store as originating with Plaintiff or its affiliates, although they do not.

40.     Fourth, in dialogue with customers, agents of Maurizio, including Mr. Launi and Ms. Launi, identify and promote suits in Maurizio's store as Zegna designed, and therefore of top quality offered at an exceptional bargain, when they are not designed by Plaintiff or any of its affiliates.

41.     In short, Maurizio identifies suits it sells as designed by Plaintiff or its affiliates when they are not; Maurizio identifies the cloth in suits it sells as originating with Plaintiff or its affiliates when it does not; and Maurizio sells suits with sewn-in, fake "Ermenegildo Zegna Cloth" labels.

42.     Mr. Launi and Ms Launi have personally committed acts of infringement. In particular, Mr. Launi and Ms. Launi identify suits Maurizio sells as designed by Plaintiff or its affiliates when they are not; Mr. Launi and Ms. Launi identify the cloth in suits Maurizio sells as originating with Plaintiff or its affiliates when it does not; and Mr. Launi and Ms. Launi, as agents of Maurizio, sell suits with sewn-in, fake "Ermenegildo Zegna Cloth" labels.

43.     Plaintiff purchased and inspected one of the purported Zegna suits offered for sale by Maurizio and verified that it was not designed or manufactured by EZCo or any affiliate thereof, that the cloth was not produced or distributed by Plaintiff or any affiliate thereof, and that the label was not produced or distributed by EZCo or any affiliate thereof.

44.    In sum, the suit purchased by Plaintiff from Maurizio is counterfeit, bearing a fake Zegna label affixed to fake Zegna cloth in a suit that was not designed or manufactured by EZCo or any affiliate thereof.

45.    Upon information and belief, Maurizio, Mr. Launi and Ms. Launi have always known that the purported Zegna suits they sold were counterfeit or were willfully blind to their being counterfeit, based on pricing alone.  Maurizio offered its purported Zegna suits for sale at a price of approximately $250 per suit, when a new, genuine suit, made with genuine Zegna fabric and designed by Zegna, would have cost approximately $2,500.

46.    At any rate, Maurizio, Mr. Launi and Ms. Launi certainly came to know that the purported Zegna suits they sold were not genuine on or around November 14, 2007, when counsel for EZCo wrote a letter to Maurizio notifying it of EZCo's rights to the Zegna Marks and that Maurizio's acts constituted infringement and false advertising (the "11/14 Letter").

47.    The 11/14 Letter demanded that Maurizio immediately cease and desist all sales and promotion of any garment under any purported Zegna designation.  The 11/14 Letter also put Maurizio on notice that its continued sale of purported Zegna goods may constitute willful infringement.  A copy of the 11/14 Letter is attached hereto as Exhibit E.

48.    When counsel for Plaintiff received no response to the 11/14 Letter, counsel sent follow-up correspondence reiterating Plaintiff's demands, to which it also received no response of any kind.

49.    All correspondence directed to Maurizio was directed to its address for service of process, as filed with the New York State Department of State, Division of Corporations.

10

50.    Nevertheless, Maurizio and its agents ignored Plaintiff's correspondence, continuing to offer for sale and promote purported Zegna suits at least as late as December 12, 2007.

51.    Thus, *after* having been advised by EZCo that the suits it offered for sale were not genuine, Maurizio and its agents, including Mr. Launi, continued, knowingly and willfully, to offer them for sale and promote them as such.

52.    Maurizio and its agents have never had any legitimate basis to use the Zegna Marks.

53.    Maurizio and its agents had actual notice that the Zegna Marks are registered trademarks since at least as early as the date they received the 11/14 Letter.

54.    Upon information and belief, Maurizio and its agents used the Zegna Marks for the purpose of confusing members of the public into believing Maurizio's infringing garments were genuine Zegna suits.

55.    Maurizio's and its agents' use of Zegna Marks is likely to cause confusion.

56.    Upon information and belief, Maurizio's and its agents' uses of the Zegna Marks have caused actual confusion.

<u>ELLESSE'S SALE TO MAURIZIO OF THE INFRINGING GOODS</u>

57.    On January 16, 2008, Plaintiff sent a further letter requesting Maurizio cease and desist infringing Plaintiff's trademarks and provide detailed information regarding the source of its infringing garments.

58.    In response, Maurizio provided a single document:  an apparent invoice for merchandise including twelve (12) "Abiti Tessuto Zegna" (which translates as "suits made

11

of Zegna cloth"). A copy of the purported Ellesse invoice is attached herewith as Exhibit F. Maurizio provided no further documentation.

59.     The single purported invoice provided by Maurizio bears the header "ELLESE CORPORATION." It also bears the handwritten note: "917-330-7709 SALVATORE DENUCCIO." When asked for details regarding the invoice, Maurizio advised that it had obtained its ersatz "Zegna" suits from Ellesse, and that the business address for Ellesse was 550 or 554 Broome Street New York, New York 10013. On information and belief, DeNuccio has participated in acts of infringement including the sale by Ellesse of the ersatz suits to Maurizio.

### FIRST CAUSE OF ACTION

(Trademark Infringement
Under Section 32 of the Lanham Act, 15 U.S.C. § 1114)

60.     Plaintiff repeats and realleges each and every allegation pleaded in paragraphs 1 through 59, inclusive, set forth above, as if the same were set forth fully herein.

61.     Defendants, without consent of Plaintiff, have used in interstate commerce designations confusingly similar to Plaintiff's registered Zegna Marks on or in connection with the sale, offering for sale, distribution and/or advertising of Defendants' goods and services. Such use has caused and is likely to cause confusion, or to cause mistake, or to deceive.

62.     The aforesaid acts of Defendants constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

63.     Upon information and belief, Defendants' infringement was intentional, willful and in bad faith. Such infringement comprised intentionally using a mark knowing it to be a counterfeit of Plaintiff's marks under 15 U.S.C.§ 1117(b).

12

64.     EZCo lacks an adequate remedy at law and will suffer irreparable harm unless a permanent injunction is issued enjoining Defendants' continued infringement of the Zegna Marks.

65.     EZCo has been injured by Defendants' actions and is entitled to damages in an amount to be determined at trial and, in the alternative, statutory damages.  Defendants' actions have caused willful and malicious injury to Plaintiff's property.

### SECOND CAUSE OF ACTION

(Unfair Competition and False Designation of Origin
Under Section 43 of the Lanham Act, 15 U.S.C. § 1125)

66.     Plaintiff repeats and realleges each and every allegation pleaded in paragraphs 1 through 65, inclusive, set forth above, as if the same were set forth fully herein.

67.     Defendants' use of the Zegna Marks and name in interstate commerce, in connection with fabrics and garments, without EZCo's permission, has caused and is likely to continue to cause confusion and mistake and to deceive the public as to EZCo's affiliation, connection, association, sponsorship and/or approval of Defendants' goods.

68.     Defendants' uses of the Zegna Marks in interstate commerce, without EZCo's permission, constitute unfair competition, passing off, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Upon information and belief, Defendants' exploitation of the reputation and goodwill associated with the Zegna Marks was intentional, willful and in bad faith.

70.     EZCo lacks an adequate remedy at law and will suffer irreparable harm unless a permanent injunction is issued enjoining Defendants' continued unfair competition, passing off, and false designation of origin with respect to the Zegna Marks.

13

729052_2

71.    EZCo has been injured by Defendants' actions and is entitled to damages in an amount to be determined at trial.  Defendants' actions have caused willful and malicious injury to Plaintiff's property.

### THIRD CAUSE OF ACTION

(Dilution Under Section 43 of the Lanham Act, 15 U.S.C. § 1125)

72.    Plaintiff repeats and realleges each and every allegation pleaded in paragraphs 1 through 71, inclusive, set forth above, as if fully set forth herein.

73.    Plaintiff's Zegna Marks are distinctive and famous marks.  The Zegna Marks are inherently strong; have long been used in connection with fabric, suits and other garments, as well as other goods; have long been the featured subject of extensive advertising and promotion; have been used and advertised throughout the United States; are widely recognized by consumers and those in the trade; are in substantially exclusive use; and are federally registered, as alleged above.

74.    Plaintiff's trademarks and service marks are distinctive and famous within the meaning of 15 U.S.C. §1125(c).

75.    Defendants' acts were commenced and committed well after the Zegna Marks became famous.  Indeed, upon information and belief, Defendants' acts were commenced and committed with the express intention of capitalizing on the Zegna Marks' fame.

76.    In connection with goods that Defendants used and transported in United States interstate commerce, Defendants have made commercial use of the Zegna Marks owned by Plaintiff.  Defendants' acts are in violation of Lanham Act § 43(c) in that they have caused

14

dilution and are likely to cause dilution of the distinctive quality of Plaintiff's famous Zegna Marks, all to the irreparable injury and damage of Plaintiff.

77. Defendants' acts have lessened the capacity of Plaintiff's famous Zegna Marks to identify and distinguish Plaintiff's goods. Defendants' acts have blurred the unique association that has heretofore existed between Plaintiff's Zegna Marks and goods made by Plaintiff.

78. Upon information and belief, Defendants willfully intended to trade on Plaintiff's reputation and to dilute the famous Zegna Marks.

79. EZCo lacks an adequate remedy at law and will suffer irreparable harm unless a permanent injunction is issued enjoining Defendants' continued dilution of the Zegna Marks.

80. EZCo has been injured by Defendants' actions and is entitled to damages in an amount to be determined at trial. Defendants' actions have caused willful and malicious injury to Plaintiff's property.

## FOURTH CAUSE OF ACTION

(Injury to Business Reputation and Dilution Under
New York General Business Law Section 360-l)

81. Plaintiff repeats and realleges each and every allegation pleaded in paragraphs 1 through 80, inclusive, set forth above, as if fully set forth herein.

82. Defendants' use of the Zegna Marks, without Plaintiff's permission, has caused and is likely to continue to cause injury to Plaintiff's business reputation and has and is likely to dilute the distinctive quality of the Zegna Marks.

15

83.    Defendants' acts of using the Zegna Marks are likely to injure the business reputation of EZCo and to dilute the distinctive quality of the Zegna Marks in violation of New York General Business Law Section 360-l.

84.    EZCo lacks an adequate remedy at law and will suffer irreparable harm unless a permanent injunction is issued enjoining Defendants' use of the Zegna Marks.

85.    EZCo has been injured by Defendants' actions and is entitled to damages in an amount to be determined at trial.  EZCo is also entitled to (i) costs, and (ii) reasonable attorney's fees.  Defendants' actions have caused willful and malicious injury to Plaintiff's property.

## FIFTH CAUSE OF ACTION

### (False Advertising under New York Law)

86.    Plaintiff repeats and realleges each and every allegation pleaded in paragraphs 1 through 85, inclusive, set forth above, as if the same were set forth fully herein.

87.    By the aforesaid acts, Defendants misleadingly advertised their goods, in that Defendants made false statements, using words, designs or combinations thereof that were materially misleading with respect to those goods.

88.    The aforesaid acts of Defendants constitute false advertising in the conduct of business, trade or commerce, or in the furnishing of any service in the State of New York, in violation of New York General Business Law § 350-e(3).

89.    The aforesaid acts of Defendants have caused, and are continuing to cause, great and irreparable harm to EZCo.  Unless permanently restrained by this Court, this irreparable injury will continue.

16

729052_2

90.    EZCo has been injured by Defendants' actions and is entitled to damages in an amount to be determined at trial. Defendants' actions have caused willful and malicious injury to Plaintiff's property.

### SIXTH CAUSE OF ACTION

#### (Unfair Competition under New York Law)

91.    Plaintiff repeats and realleges each and every allegation pleaded in paragraphs 1 through 90, inclusive, set forth above, as if the same were set forth fully herein.

92.    Defendants' acts of using the Zegna Marks, without Plaintiff's permission, constitute unfair competition, passing off, and false designation of origin under the common law of the State of New York.

93.    EZCo lacks an adequate remedy at law and will suffer irreparable harm unless a permanent injunction is issued enjoining Defendants' continued unfair competition, passing off, and false designation of origin with respect to the Zegna Marks.

94.    EZCo has been injured by Defendants' actions and is entitled to damages in an amount to be determined at trial. EZCo is also entitled to punitive damages in an amount to be determined at trial. Defendants' actions have caused willful and malicious injury to Plaintiff's property.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays, that the Court:

1.1    Permanently enjoin Defendants and all persons acting in concert with them, from using any Zegna Mark, and from using any other confusingly similar designation and from passing off or otherwise representing to the public that its products

17

are in any way emanate from or are sponsored by, created by, endorsed by, or otherwise affiliated with Plaintiff;

   1.2  Require each of the Defendants to account to Plaintiff for any and all profits derived by each Defendant from sale of goods connected with the Zegna Marks and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein;

   1.3  Require Defendants to destroy, or produce for destruction, all counterfeit Zegna Mark goods, and issue an Order requiring Defendants to identify each and every source of the counterfeit Zegna goods that Defendants offered for sale;

   1.4  Award Plaintiff treble damages or the sum of both the Defendants' profits, whichever is greater, plus prejudgment interest on that amount, or, in the alternative, award statutory damages pursuant to 15 U.S.C. § 1117 of $1,000,000 per counterfeit mark; and

   1.5  Award reasonable attorney's fees and costs; and

   1.6  Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
   April 1, 2008

        SATTERLEE STEPHENS BURKE & BURKE LLP

        By: _____
          Mark Lerner (ML-4858)
          Kristina M. Zarlengo (KZ-1080)
        230 Park Avenue
        New York, New York 10169
        (212) 818-9200
        *Attorneys for Plaintiff Ermenegildo Zegna Corporation*

          18

729052_2

# EXHIBIT A



United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jan 15 04:11:07 EST 2008*

**TESS HOME**  **NEW USER**  **STRUCTURED**  **FREE FORM**  **BROWSE DICT**  **SEARCH OG**  **BOTTOM**  **HELP**

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**TARR Status**  **ASSIGN Status**  **TDR**  **TTAB Status**  *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | ERMENEGILDO ZEGNA |
| **Goods and Services** | IC 025. US 039. G & S: SUITS, COATS, NECKTIES, AND SCARVES. FIRST USE: 19370000. FIRST USE IN COMMERCE: 19380000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73030059 |
| **Filing Date** | August 20, 1974 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Registration Number** | 1077923 |
| **Registration Date** | November 22, 1977 |
| **Owner** | (REGISTRANT) LANIFICIO ERMENEGILDO ZEGNA & FIGLI S.N.C. PARTNERSHIP ITALY VIA ROMA 20 TRIVERO (VERCELLI) ITALY |
| | (LAST LISTED OWNER) ERMENEGILDO ZEGNA CORPORATION CORPORATION ASSIGNEE OF NEW YORK 100 WEST FOREST AVENUE, UNIT A ENGLEWOOD NEW JERSEY 076314033 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | John M. Cone |
| **Prior Registrations** | 0553019;0941547;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECTION 8(10-YR) 20071013. |
| **Renewal** | 2ND RENEWAL 20071013 |
| **Live/Dead Indicator** | LIVE |

**TESS HOME**  **NEW USER**  **STRUCTURED**  **FREE FORM**  **BROWSE DICT**  **SEARCH OG**  **TOP**  **HELP**

# EXHIBIT B




**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jan 15 04:11:07 EST 2008*

`TESS HOME`  `NEW USER`  `STRUCTURED`  `FREE FORM`  `BROWSE DICT`  `SEARCH OG`  `BOTTOM`  `HELP`

`Logout`  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

`TARR Status`  `ASSIGN Status`  `TDR`  `TTAB Status`  *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | ERMENEGILDO ZEGNA |
| **Goods and Services** | IC 025. US 039. G & S: Shoes, Belts, Hats, Ties, Scarves, Robes, Suits, Sports Jackets, Topcoats, Overcoats, Raincoats, Leather Coats and Jackets, Car Coats, Slacks, Vests, Knit and Woven Shirts, Formal and Sport Shirts, Bathing Suits, Short Pants, Sweaters, Socks, Quilted Jackets and Coats, Long Pants, Long and Short Woven and Knit Underwear, Athletic Shorts, Sleeveless and Sleeved Knit and Woven Shirts, Boxer Shorts, Waistbands, Gloves, Balaklava, Jumpsuits, Skirts and Blouses. FIRST USE: 19370000. FIRST USE IN COMMERCE: 19380000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73307737 |
| **Filing Date** | April 27, 1981 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | January 4, 1983 |
| **Registration Number** | 1232830 |
| **Registration Date** | March 29, 1983 |
| **Owner** | (REGISTRANT) ERMENEGILDO ZEGNA CORPORATION CORPORATION NEW YORK 100 W FOREST AVE UNIT A ENGLEWOOD NEW JERSEY 07631 |
| **Attorney of Record** | JOHN M CONE |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20030307. |
| **Renewal** | 1ST RENEWAL 20030307 |
| **Other Data** | "Ermenegildo Zegna" is derived from the name of the now deceased founder and owner of applicant's parent company in Italy. |
| **Live/Dead Indicator** | LIVE |

`TESS HOME`  `NEW USER`  `STRUCTURED`  `FREE FORM`  `BROWSE DICT`  `SEARCH OG`  `TOP`  `HELP`

# EXHIBIT C



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Jan 15 04:11:07 EST 2008*

**TESS HOME** **NEW USER** **STRUCTURED** **FREE FORM** **BROWSE DICT** **SEARCH OG** **BOTTOM** **HELP**

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**TARR Status** **ASSIGN Status** **TDR** **TTAB Status** *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | ERMENEGILDO ZEGNA |
| **Goods and Services** | IC 024. US 042. G & S: FABRICS OF WOOL, HAIR, VEGETABLE HAIR, SILK, RAYON, JUTE, HEMP, FLAX, COTTON |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 23.05.01 - Helmets, armor<br>24.01.02 - Shields or crests with figurative elements contained therein or superimposed thereon<br>24.05.01 - Circular or elliptical seals; Seals, circular or elliptical<br>24.07.07 - Prize ribbons; Ribbons, prize<br>26.01.07 - Circles with a decorative border, including scalloped, ruffled and zig-zag edges<br>26.01.28 - Circles with irregular circumferences; Miscellaneous circular designs with an irregular circumference |
| **Serial Number** | 71657146 |
| **Filing Date** | November 30, 1953 |
| **Current Filing Basis** | 44E |
| **Original Filing Basis** | 44E |
| **Registration Number** | 0612666 |
| **Registration Date** | September 20, 1955 |
| **Owner** | (REGISTRANT) LANIFICIO ERMENEGILDO ZEGNA & FIGLI PARTNERSHIP ITALY VIA ROMA 20 TRIVERO (VERCELLI) ITALY<br><br>(LAST LISTED OWNER) ERMENEGILDO ZEGNA CORPORATION CORPORATION ASSIGNEE OF NEW YORK Unit A 100 West Forest Avenue ENGLEWOOD NEW JERSEY 07631 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | JOHN M. CONE |

| | |
|---|---|
| **Prior Registrations** | 0553019;0553020 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECTION 8(10-YR) 20050613. |
| **Renewal** | 3RD RENEWAL 20050613 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT D

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jan 15 04:11:07 EST 2008*

**TESS HOME**  **NEW USER**  **STRUCTURED**  **FREE FORM**  **BROWSE DICT**  **SEARCH OG**  **BOTTOM**  **HELP**

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**TARR Status**  **ASSIGN Status**  **TDR**  **TTAB Status**  *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | ZEGNA |
| **Goods and Services** | IC 025. US 022 039. G & S: Shoes, Belts, Hats, Ties, Scarves, Robes, Suits, Sports Jackets, Topcoats, Overcoats, Raincoats, Leather Coats and Jackets, Car Coats, Slacks, Vests, Knit and Woven Shirts, Formal and Sport Shirts, Bathing Suits, Short Pants, Sweaters, Socks, Quilted Jackets and Coats, Long Pants, [ Long and Short Woven and Knit Underwear, ] Athletic Shorts, Sleeveless and Sleeved Knit and Woven Shirts, [ Boxer Shorts, Waistbands, ] Gloves, Balaklava, [ Jumpsuits, Skirts and Blouses ]. FIRST USE: 19820616. FIRST USE IN COMMERCE: 19820616 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73390738 |
| **Filing Date** | September 28, 1982 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 30, 1983 |
| **Registration Number** | 1258643 |
| **Registration Date** | November 22, 1983 |
| **Owner** | (REGISTRANT) Ermenegildo Zegna Corporation CORPORATION NEW YORK 100 WEST FOREST AVENUE, UNIT A ENGLEWOOD NEW JERSEY 07631 |
| **Attorney of Record** | JOHN M. CONE |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20040214. |
| **Renewal** | 1ST RENEWAL 20040214 |
| **Live/Dead Indicator** | LIVE |

**TESS HOME**  **NEW USER**  **STRUCTURED**  **FREE FORM**  **BROWSE DICT**  **SEARCH OG**  **TOP**  **HELP**

# EXHIBIT E

SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE

NEW YORK, NY 10169-0079

(212) 818-9200

METROPARK
33 WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 603-4966

FAX (212) 818-9606, 9607
www.ssbb.com

E-Mail: mlerner@ssbb.com
Direct Dial: (212) 404-8714

November 14, 2007

Maurizio Fashions, Inc.
287 Bleecker Street
New York, New York, 10014

To Whom It May Concern:

We are counsel to Ermenegildo Zegna Corporation ("EZCO"), owner of the registered trademarks ERMENEGILDO ZEGNA®, ZEGNA®, the Zegna medallion design, and others (collectively the "Zegna Trademarks"). As you may be aware, EZCO has used the Zegna Trademarks for over fifty years. The Zegna Trademarks are known worldwide and signify clothing, fabric and accessories originating with EZCO and its affiliates. The clothing and fabric are known for their high quality, style and durability. EZCO has built up substantial goodwill of great value in the trademarks due, in part, to the high quality of its goods.

It has come to our client's attention that Maurizio Fashions, Inc. possesses, advertises and offers for sale suits in a New York City showroom located at 287 Bleecker Street that bear labels indicating they are made from LANIFICIO ERMENEGILDO ZEGNA brand cloth.

However, inspection of the suits and fabrics there has confirmed that they were not made with genuine LANIFICIO ERMENEGILDO ZEGNA cloth.

Moreover, suits on sale in your showroom are presented — in signage and by your salespeople — as being genuine Ermenegildo Zegna-*designed* suits. However, the suits themselves bear a label indicating the designer and manufacturer is not Ermenegildo Zegna. Since the suits were not designed or manufactured by Ermenegildo Zegna, our client is concerned that customers will be misled by the signage into believing these are genuine ZEGNA brand suits. Even if the fabric were genuine, which is not the case, the suits should not be advertised as if they are ZEGNA suits.

Thus, the merchandise in your showroom infringes the Zegna Trademarks because it bears labels falsely indicating that the source of the fabric is EZCO. Moreover, your promotion and advertisement regarding your sale of Zegna suits constitutes false advertising.

712829_1

SATTERLEE STEPHENS BURKE & BURKE LLP

Maurizio Fashions, Inc.
November 14, 2007
Page 2

We therefore demand that you promptly provide to the undersigned, Mark Lerner, all documentation regarding your purchase of the infringing suits and/or the fabric and labels and any related documentation establishing the fabric's purported authenticity. In the interim, while we investigate this matter, we demand that you suspend all advertising and sale of products featuring any Zegna Trademarks.

Your continued sale of these goods in light of this notice may constitute evidence of willful infringement. We look forward to receiving written confirmation that you have complied with the foregoing requests, together with the requested documentation, no later than November 21, 2007.

In the interim, EZCO reserves all its rights in law and equity.

Very truly yours,

Mark Lerner

ML:mj

cc:    Paolo Torello Viera — by e-mail (Paolo.TorelloViera@zegna.com)
       Paolo Orlandi — by e-mail (Paolo.Orlandi@zegna.com)
       Kristina Zarlengo

712829_1

# EXHIBIT F

ELLESSE CORPORATION    9/7 - 330 - 7709

SALVATORE DENUCCIO

MERCE IN CONSEGNA A MAURIZIO FASHION

| 12 | Abiti Tessuto Zegna | $165.00 | $1,980.00 |
|-----|---------------------|---------|-----------|
| 16 | Cappotti Assorted | $225.00 | $3600.00 |
| 258 | Capi Yes London | $5.00 | $1290.00 |
| | Totale | | $6,870.00 |

**ELLESSE CORPORATION**    9/7 - 330 - 7709

S A L V A T O R E   B E N U C C I O

MERCE IN CONSEGNA A MAURIZIO FASHION

| | | | |
|---|---|---|---|
| 12 | Abiti Tessuto Zegna | $165.00 | $1,980.00 |
| 16 | Cappotti Assorted | $225.00 | $3600.00 |
| 258 | Capi Yes London | $5.00 | $1290.00 |
| | Totale | | $6,870.00 |

02/04/2008  16:35     12122433228          CENTURY COPY CENTER                    PAGE   01

**ELLESSE CORPORATION**     9/7 - 330 - 7409

SALVATORE BENUCCIO

MERCE IN CONSEGNA A MAURIZIO FASHION

| | | | |
|---|---|---|---|
| 12 | Abiti Tessuto Zegna | $165.00 | $1,980.00 |
| 16 | Cappotti Assorted | $225.00 | $3600.00 |
| 258 | Capi Yes London | $5.00 | $1290.00 |
| | Totale | | $6,870.00 |